### STATE *vs.* GEORGE A. WISEMAN.

Androscoggin.    Opinion December 9, 1902.

*Nuisances.   Intox. Liquors.   Owner of Building.   Pleading.   R. S., c.  17,  § 4.*

In an indictment under R. S., c. 17, § 4, which makes it a misdemeanor for
any person who is the owner or who has the control of any building or
tenement, to knowingly permit the same "or any part thereof" to be
used for any of the purposes named in the first section of that chapter, an
averment which alleges that the respondent knowingly permitted "a cer-
tain shop in a building" to be used for such purposes, is sufficient.

On exceptions by defendant.    Overruled.

Indictment charging the defendant for knowingly permitting a
certain shop, in a building owned by him, to be used for a liquor
nuisance contrary to R. S., c. 17, § 4.

The defendant's demurrer having been overruled, he was allowed
exceptions to the ruling.

*W. B. Skelton,* County Attorney, for State.

*G. C. Wing,* for defendant.

SITTING: WISWELL, C. J., SAVAGE, POWERS, PEABODY, SPEAR,
JJ.

WISWELL, C. J.    The indictment in this case, under R. S., c. 17,
§ 4, alleges that the respondent knowingly permitted a certain shop
in a building owned by him to be used for the illegal sale and illegal
keeping of intoxicating liquors.    The case comes to the law court
upon exceptions to the overruling of a demurrer to the indictment.
The objection urged is to the use of the words "a certain shop in a
building," it being claimed that the language in this particular was
not sufficient to set out an offense under the statute referred to.

But the statute makes it a misdemeanor for any person who is the
owner or who has the control of any building or tenement, to know-
ingly permit the same "or any part thereof" to be used for any of
the purposes named in the first section of that chapter, that is, among

other purposes, for the illegal sale or illegal keeping of intoxicating liquors. A certain shop in a building is necessarily a part of such building. The indictment sufficiently sets out an offense under this section.

If the respondent was given the right to plead over, before filing his demurrer, as appears possible from the record, that right will be reserved for him at nisi prius.

*Exceptions overruled.*